[No. 3978.]

PHILLIPS, COUNTY CLERK, v. SMITH.

ELECTIONS—POLITICAL CONVENTIONS.

Where a political convention regularly called and organized adjourned
to a future day, a nomination for office made at the first meeting
could be rescinded and another made at the second or adjourned
meeting and the fact that a majority of those attending the first
meeting did not attend the second was immaterial. A political
convention is composed of the lawful delegates in attendance and
a majority of those in attendance are competent to act.

*Upon Review from the District Court of Lake County.*

Messrs. PHELPS & PENDERY and Mr. JOHN M. MAXWELL,
for petitioner.

Mr. W. H. BRYANT, for respondent.

CHIEF JUSTICE CAMPBELL delivered the opinion of the
court.

The object of this proceeding is to ascertain who is now
the lawful nominee of the People's party for state senator
in the sixth senatorial district consisting of the county of Lake.
The material facts are not in serious dispute, and are as fol-
lows:

The convention regularly called for the purpose of nominat-
ing a candidate for senator and other officers met at Leadville
on the 25th day of August, 1898, and adjourned subject to
the call of its chairman. A subsequent meeting of the con-
vention was duly called by the chairman and held on the 4th
day of October, and thereat John McCombe was nominated
for senator, and the convention not completing the work for
which it was called, adjourned to the 11th of October fol-
lowing.

On the reassembling of the convention on the latter date,

the delegates then present by a majority vote rescinded the previous action of the 4th of October, set aside the nomination of McCombe, and nominated in his place A. E. J. Whitney. Thereafter Mr. Whitney resigned, and thereupon the committee regularly appointed by the convention to fill vacancies in nominations, as the statute provides it may, nominated for the office Joel W. Smith.

Mr. McCombe now claims that the convention having nominated him on October 4, and he not having resigned, no vacancy existed. It appears in the proof that at the convention at which Mr. McCombe was nominated between sixty-five and seventy lawful delegates were present. Of the precise number of delegates included in the call and entitled to sit, we are not advised, but it exceeded 150. At the meeting of the convention on October 11, which purported to rescind its former action and make a new nomination, only about twenty-nine delegates were present and voting; and it is upon this ground that less than a quorum of the delegates was present when the convention attempted to undo its former work that McCombe bases his claim that such acts were void, and therefore that he is still the nominee of the party.

The general rule may be, and doubtless is, as stated by counsel for the petitioner, in the absence of any special rule upon the subject to the contrary, that a convention can lawfully act only by a quorum of all entitled to sit therein, and that a quorum of a convention of a voluntary organization, like a political party, is a majority of all its delegates. What advantage McCombe can derive, if this general rule be now enforced, we fail to perceive; for, if it be applied, he has no standing as a nominee, because the convention which nominated him was attended by less than a quorum of the delegates entitled to vote.

We are of opinion, however, under the facts of this case, that since on the 4th of October the convention adjourned to the 11th, the lawful delegates who then assembled constituted the meeting the convention of the party; and even if their number was less than a majority of those who had par-

ticipated in the meeting of October 4th, nevertheless, the convention being duly adjourned to October 11th, the majority, who met in pursuance of the adjournment, were competent to act.

If so, and it appears from the record that the majority voted to rescind all previous action and nominated Mr. Whitney, this made Mr. Whitney the nominee of the convention, and he having subsequently resigned, the statutory requirements seem to have been complied with by the nominating committee in substituting Smith in his place, and therefore Smith is now the nominee of the party.

The judgment of the district court being in accordance with this conclusion is affirmed.

*Affirmed.*